UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re

RONALD JOSPEH TENORE
*dba* RON TENORE DENTAL CERAMICS
*dba* RADIANT PORCELAIN STUDIO,

                                                   Debtor.
----------------------------------------------------------- x

RONALD JOSPEH TENORE
*dba* RON TENORE DENTAL CERAMICS
*dba* RADIANT PORCELAIN STUDIO,

                                                   Appellant,

    - against -

THOMAS C. FROST,

                                                   Appellee.
-------------------------------------------------------------x

**ORDER**

No. 24-CV-9729 (CS)

Seibel, J.

      Before the Court is Appellant's motion for a stay pending appeal of the dismissal of his bankruptcy case. (*See* ECF No. 5.) For the following reasons, the motion is DENIED.

## **Background**

      Appellant filed a Notice of Appeal on December 17, 2024 seeking review of an Order Dismissing Appellant's Chapter 13 Bankruptcy Case entered by the Bankruptcy Court on December 12, 2024, (*see* ECF No. 1 at 1),[1] whereby the Bankruptcy Court dismissed Appellant's case for failing to comply with numerous bankruptcy statutes and rules by – among other things

---

[1] Citations to ECF No. 1 use the pagination generated by the Court's Electronic Case Filing ("ECF") system.

– failing "to file a Chapter 13 plan," "to commence making Chapter 13 plan payments to the Trustee," and "to appear and be examined at the section 341 meeting of creditors," (Bankr. S.D.N.Y. Case No. 24-22834, ECF No. 34 at 1).[2]  On December 30, 2024, Appellant filed with this Court a "Motion to Stay The Eviction" and attached a notice of eviction dated December 18, 2024, (*see* ECF No. 5), seeking an order "to Stay the Eviction and Issuance of the Warrant of Eviction and all proceedings during the determination of the appeal," (*id.* at 3).  The Court construes Appellant's motion as one seeking a stay pending appeal.

## Discussion

There is no basis for the Court to grant a stay pending appeal of the dismissal of Appellant's bankruptcy case.  Appellant's motion is procedurally improper, and, in any event, he has not made the necessary showing required to obtain a stay.

Stays pending appeal of a bankruptcy court order are governed by Federal Rule of Bankruptcy Procedure 8007.  "Generally, a Rule 8007 motion must first be made in the bankruptcy court."  *Levine v. B & R Acquisition Partners, LLC*, No. 24-CV-939, 2024 WL 3829567, at *6 (N.D.N.Y. Aug. 15, 2024) (citing Fed. R. Bankr. P. 8007); *see In re Carrington*, 698 F. Supp. 3d 659, 660 (S.D.N.Y. 2023), *appeal dismissed*, No. 23-7433, 2024 WL 3491202 (2d Cir. May 3, 2024).[3]  A party may seek a stay pending appeal directly from the district court only if the party can "show that moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b)(2)(A); *see In re Carrington*, 698 F. Supp. at 660.  "If the party

---

[2] Familiarity with the underlying proceedings before Bankruptcy Judge Cecelia G. Morris is presumed.  (*See* Bankr. S.D.N.Y. Case No. 24-22834.)

[3] Unless otherwise noted, case quotations omit all internal quotation marks, citations, alterations, and footnotes.  The Court will send Appellant copies of all unreported decisions cited in this Order.

improperly bypasses the bankruptcy court and seeks a stay first from the district court, the district court lacks the jurisdiction to hear the matter." *In re Anderson*, 560 B.R. 84, 90 (S.D.N.Y. 2016).

Appellant has not moved for a stay in the Bankruptcy Court, according to the docket in that Court, and has not explained, or even attempted to show, how doing so would be impracticable. "[D]istrict courts routinely dismiss motions for a stay pending appeal when relief is not first requested from the bankruptcy judge and the failure to do so is not adequately explained." *In re Anderson*, 560 B.R. at 90; *see In re Carrington*, 698 F. Supp. 3d at 661 (same). While Appellant is *pro se*, and the Court therefore liberally reads his pleadings, he is not exempt from complying with these procedural and substantive rules. *See In re Carrington*, 698 F. Supp. 3d at 661. Thus, Appellant's failure to comply with Rule 8007 is alone sufficient to deny his motion for a stay pending appeal.

Even if this court had jurisdiction, Appellant has not shown that a stay is warranted. "The decision to grant a stay of an order pending appeal lies within the sound discretion of the [district] court." *In re LATAM Airlines Grp. S.A.*, No. 20-11254, 2022 WL 2657345, at *3 (Bankr. S.D.N.Y. July 8, 2022). In the Second Circuit, the standard governing the entry of a stay pending appeal comprises four factors: "'(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.'" *Levine*, 2024 WL 3829567, at *6 (quoting *Hirschfeld v. Bd. of Elections in City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993). The moving party bears a heavy burden to show it is entitled to the extraordinary relief of a stay, *see In re Sabine Oil & Gas Corp.*, 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016), and "[a] stay pending

3

appeal under Rule 8007 is the exception, not the rule," *In re Carrington*, 698 F. Supp. 3d at 661. "While a number of lower courts within the Second Circuit have held that the failure of the movant to satisfy any of the four criteria compels denial of a motion for a stay pending appeal, other courts have approached the question as a balancing test." *In re CPJFK, LLC*, 496 B.R. 65, 68 (Bankr. E.D.N.Y. 2011) (collecting cases). Upon considering the available record and Appellant's submissions, and balancing the four factors, the Court concludes that none of the factors weigh in favor of a stay.

### A. <u>Irreparable Harm</u>

"A showing of probable irreparable harm is the principal prerequisite for the issuance of a stay," *In re Klinger*, No. 01-CV-2311, 2002 WL 1204958, at *2 (D. Conn. May 9, 2002), and "such harm must be neither remote nor speculative, but actual and imminent," *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016).

Appellant argues that if his eviction is permitted to proceed, he will face immediate irreparable harm because he will be "left without housing and face significant difficulty finding alternative accommodations." (ECF No. 5 at 3.) While "courts in this circuit have held that eviction can be an irreparable injury," those holdings hinge on "the party facing eviction also fac[ing] the real threat of homelessness." *Greer v. Mehiel*, No. 15-CV-6119, 2016 WL 828128, at *9 (S.D.N.Y. Feb. 24, 2016) (collecting cases). Appellant has made no such showing here. (*See* ECF No. 5.) To be sure, Appellant includes the fourteen-day notice of eviction that is set to occur on January 8, 2025, which is only two days away. (*See id.* at 4.) But he does not explain how he faces an actual and imminent threat of homelessness upon his eviction, especially considering that Appellant has known that this eviction was reasonably imminent since July 24, 2023, or at the very latest September 7, 2023, and apparently filed the bankruptcy only to

forestall it. (*See* Bankr. S.D.N.Y. Case No. 24-22834, ECF No. 5 (initial statement about an eviction judgment against Appellant filed in the Bankruptcy Court and attaching, among other items, (1) the New York State court's holdover judgment entered on July 24, 2023 and (2) a notice of eviction addressed to Appellant dated September 7, 2023)).)

Accordingly, this factor favors Appellee.

**B.** **Substantial Possibility of Success on Appeal**

"The proper standard governing the 'strength-of-the-case component' in determining whether to grant a motion for a stay pending appeal of a bankruptcy court order is a substantial possibility of success on the merits." *In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *5 (Bankr. N.D.N.Y. Apr. 3, 2018). Appellant must therefore show that the Bankruptcy Court's Order dismissing the Chapter 13 Case, (*see* ECF No. 1; Bankr. S.D.N.Y. Case No. 24-22834, ECF No. 34), is "erroneous, and thus, substantially likely to be reversed on appeal," *In re Magnale Farms*, 2018 WL 1664849, at *5.

No such showing has been made. 11 U.S.C. § 1307(c) provides that the Bankruptcy Court may dismiss a Chapter 13 case "on request of a party in interest and after notice and a hearing for cause, including failure to commence making timely payments under section 1326 of this title, and failure of the debtor to file the information required by paragraph (1) of section 521(a)," which includes a schedule of the debtor's current income and evidence of payment received by the debtor's employer. *Cunningham*, No. 19-CV-5480, 2019 WL 10744868, at *2 (S.D.N.Y. Dec. 10, 2019), *report and recommendation adopted*, 2020 WL 5774207 (S.D.N.Y. Sept. 27, 2020); *see In re Reddy*, No. 17-CV-1067, 2019 WL 1242896, at *6 (D. Conn. Mar. 18, 2019) ("Under 11 U.S.C. § 1307(c), a bankruptcy court may dismiss a case for cause, including but not limited to one of the eleven reasons enumerated in § 1307(c)."). The record reflects that

5

the Chapter 13 Trustee filed a motion to dismiss the case for cause based on the Appellant's failures to comply with his duties as a bankruptcy debtor. (*See* Bankr. S.D.N.Y. Case No. 24-22834, ECF No. 25.) Judge Morris subsequently held a hearing on the Trustee's motion and dismissed the case after finding that Appellant had not met his obligations. (*See* Bankr. S.D.N.Y. Case No. 24-22834, ECF No. 34; Bankruptcy Docket Entry dated Dec. 4, 2024.) Appellant does not address any of the grounds for the Bankruptcy Court's dismissal or otherwise explain how it erred, and after reviewing the available record, it does not appear likely that Judge Morris's order of dismissal was erroneous. *See Cunningham*, 2019 WL 10744868, at *3 ("Bankruptcy is a privilege, not a right.").

This factor thus weighs in favor of Appellee.

### C.     Substantial Injury to Other Parties

"In addition to showing irreparable harm, the party seeking a stay must also establish that the non-moving party or other parties will not suffer substantial harm if the stay is granted." *In re 473 W. End Realty Corp.*, 507 B.R. 496, 507 (Bankr. S.D.N.Y. 2014). "In other words, the moving party must show that the balance of harms tips in favor of granting the stay." *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 349 (Bankr. S.D.N.Y. 2007), *stay vacated by* No. 07-0279, 2007 WL 7706743 (2d Cir. Feb. 9, 2007).

Appellant has not offered any arguments as to why the Chapter 13 Trustee and the creditors would not incur substantial injury if a stay were to issue. If the Court granted Appellant's request for a stay, the Trustee could not carry out the mandate to perform its duties. *See* 11 U.S.C. § 1302 (enumerating Chapter 13 Trustee's duties); (Bankr. S.D.N.Y. Case No. 24-22834, ECF No. 34 at 2 (directing Chapter 13 Trustee to "take all actions required by such dismissal")). Moreover, as Appellant "is unlikely to succeed on the merits, granting a stay would

6

prolong the bankruptcy proceeding with no foreseeable offsetting gain and thus injure creditors." *In re Carrington*, 698 F. Supp. 3d at 662.

Thus, this factor also weighs in favor of Appellee.

### D.     Public Interests

Finally, I must consider the public interests that may be affected. In general, "[c]ourts recognize that the public interest disfavors stays because the public interest favors the expedient administration of the bankruptcy proceedings." *In re LATAM Airlines Grp.*, 2022 WL 2657345, at *11; *see In re Carrington*, 698 F. Supp. 3d at 662 ("[T]he public's interest in the expeditious administration of bankruptcy cases is impaired by obstructing a bankruptcy trustee's efforts to collect, liquidate and distribute assets to creditors of the estate."). That is particularly so where a debtor has abused the bankruptcy process to "frustrate and delay . . . creditor[s] from exercising [their] legitimate rights." *In re Melton*, No. 11-70984, 2011 WL 1600506, at *5 (Bankr. E.D.N.Y. Apr. 27, 2011); *see Green Point Bank v. Treston*, 188 B.R. 9, 12 (S.D.N.Y. 1995). Such creditor harms and obstruction of bankruptcy proceedings – unaddressed by Appellant – are plainly against the public interest. *See In re Kwok*, 653 B.R. 480, 508 (Bankr. D. Conn. 2023) ("The public has an interest in a well-functioning bankruptcy system. It benefits the economy, debtors, and creditors. Obstruction of that process and efforts at dilation of that process are not in the public interest."); *Levine*, 2024 WL 3829567, at *17 ("The public interest is not served when the most appropriate path to pursue legal recourse is not followed.").

Accordingly, the fourth factor weighs in favor of Appellee.

On balance, Appellant has fallen woefully short of the showing required for a stay pending appeal.

**Conclusion**

For the foregoing reasons, Appellant's motion for a stay pending appeal is DENIED. The Clerk of Court is directed to terminate the pending motion, (ECF No. 5).

**SO ORDERED.**

Dated: January 6, 2025
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.