UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re

RONALD JOSEPH TENORE,

                              Debtor.
-----------------------------------------------------------------x

RONALD JOSEPH TENORE,

                                                                                               **OPINION & ORDER**

                              Appellant,

       – against –                                                    No. 24-CV-9729 (CS)

THOMAS C. FROST,

                              Appellee.

-----------------------------------------------------------------x

Appearances:

Ronald Joseph Tenore
Larchmont, New York
*Pro Se Appellant*

Dennis Jose
Office of the Standing Chapter 13 Trustee
White Plains, New York
*Counsel for Appellee*

Seibel, J.

       Before the Court is the appeal of Debtor-Appellant Ronald Joseph Tenore ("Debtor")

from a December 12, 2024 Order, (Bankr. Dkt. No. 34 (the "December 12 Order")),[1] entered by

---

[1] Citations to "Bankr. Dkt. No." refer to entries on the Bankruptcy Court's docket, No. 24-BK-22834. Citations to "ECF No." refer to entries on this Court's docket for this case, No. 24-CV-9729. All citations to page numbers of such documents refer to the page numbers generated by the respective Court's Electronic Case Filing System.

Judge Cecelia G. Morris of the United States Bankruptcy Court for the Southern District of New York, in the Chapter 13 bankruptcy proceeding captioned *In re Tenore*, 24-BK-22834 (Bankr. S.D.N.Y.).  The December 12 Order, issued on the motion of the Standing Chapter 13 Trustee, Appellee Thomas C. Frost (the "Trustee"), dismissed Debtor's Chapter 13 case for cause pursuant to 11 U.S.C. § 1307(c).

For the following reasons, the Bankruptcy Court's Order is affirmed.

I.      **BACKGROUND**

Debtor filed his voluntary Chapter 13 bankruptcy petition on September 30, 2024. (Bankr. Dkt. No. 1.)  The same day, the Clerk of Court issued a Deficiency Notice, informing Debtor of his failure to file certain documents, including those required by 11 U.S.C. § 521(a) and subject to the automatic dismissal provisions set forth in 11 U.S.C. § 521(i). (Bankr. Dkt. No. 6.)  The Clerk simultaneously issued a Notice of Hearing, scheduling a hearing on December 4, 2024 to consider dismissal of Debtor's case. (Bankr. Dkt. No. 9.)  The meeting of creditors, as required by 11 U.S.C. § 341(a), was scheduled for October 31, 2024 at 10:00 a.m. (Bankr. Dkt. No. 8.)

On November 14, 2024, the Trustee filed a motion to dismiss Debtor's case for cause pursuant to 11 U.S.C. § 1307(c), based on Debtor's failure to:

- file certain documents as required by 11 U.S.C. § 521(a);[2]

- file a Credit Counseling Certificate as required by 11 U.S.C § 521(b)(1);

- file a Chapter 13 Plan as required by 11 U.S.C. § 1321;

---

[2] The documents were the Statement of Monthly Income and Disposable Income, complete schedules of assets and liabilities, Schedules I and J, the Statement of Financial Affairs, and copies of all payment advices or other evidence of payment for last 60 days before the date of the filing of the petition.  (*See* Bankr. Dkt. No. 25 at 2.)

- appear at the § 341 meeting of creditors;

- commence making Chapter 13 plan payments to the Trustee as required by 11 U.S.C. § 1326(a)(1);

- file a certification that all amounts payable under a domestic support obligation have been paid as required by 11 U.S.C § 1328(a); and

- provide the Trustee with copies of federal and state tax returns and refunds.

(*See* Bankr. Dkt. No. 25.) On December 3, 2024, one day before the hearing on the Trustee's motion to dismiss, Debtor filed the following documents, which were entered on the docket the following day: (1) Schedules A/B, C, I, J, and J-2, (Bankr. Dkt. No. 27 at 1-20); (2) Statement of Financial Affairs, (*id.* at 25-34); (3) Chapter 13 Statement of Current Monthly Income, (Bankr. Dkt. No. 30); and (4) Chapter 13 Plan, (Bankr. Dkt. No. 31).[3] Debtor also filed a request to adjourn the § 341 meeting of creditors, (Bankr. Dkt. No. 29), and a response to his brother Gary Tenore's "objection" to the filing of the case, (Bankr. Dkt. No. 28; *see* Bankr. Dkt. No. 18).

On December 4, 2024, the Bankruptcy Court held a hearing via videoconference on the Trustee's motion to dismiss. (*See* Bankr. Dkt. Entry dated Dec. 4, 2024.) At the hearing, which lasted two minutes, Judge Morris granted the motion to dismiss and requested that counsel for the Trustee submit a proposed order of dismissal.[4] (*See* ECF No. 30 at 6:11-12, 18-19.) Debtor

---

[3] The Chapter 13 Plan was facially incomplete. For instance, it did not provide a dollar amount for the proposed monthly payments, and many sections were left blank. (*See* Bankr. Dkt. No. 31.) It also did not use the form required in the Southern District of New York Bankrutpcy Court. (*See id.*)

[4] Gary Tenore appeared at the hearing to object to Debtor's filing of the Chapter 13 case, arguing that Debtor filed the bankruptcy petition to forestall his eviction from their mother's house. (*See* ECF No. 30 at 5:19-6:8.) Judge Morris advised that, in the event Debtor re-filed for bankruptcy, Gary would have to file a request for *in rem* relief from the automatic stay, rather than objecting to Debtor's Chapter 13 case. (*See id.* at 6:12-16.)

did not appear at the hearing.  (*See id.* at 4.)  He asserts on appeal that he joined the videoconference but could not participate due to audio issues with his computer.  (*See* ECF No. 24 ("Debtor's Br.") at 3.)

On December 12, 2024, the Bankruptcy Court entered a written order granting the Trustee's motion on the grounds that Debtor failed to:

- file a Chapter 13 Plan as required by 11 U.S.C § 1321;

- commence making Chapter 13 plan payments to the Trustee as required by 11 U.S.C § 1326(a)(1);

- appear at the § 341 meeting of creditors as required by 11 U.S.C § 343;

- file an Official Form B22C, Statement of Monthly Income and Disposable Income, as required by 11 U.S.C § 521(a)(1)(B)(v);

- file a certification that all amounts payable under a domestic support obligation have been paid as required by 11 U.S.C § 1328(a); and

- provide the Trustee with a copy of federal and state income tax returns or transcripts for the most recent year seven days before the first meeting of creditors as required by 11 U.S.C § 521(e)(2)(A)(i).

(*See* December 12 Order.)

## II.   STANDARD OF REVIEW

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court.  "This Court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further

proceedings." *In re Bernard L. Madoff Inv. Sec., LLC*, No. 15-CV-1151, 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016), *aff'd*, 697 F. App'x 708 (2d Cir. 2017) (summary order).[5]

"A district court reviews a bankruptcy court's conclusions of law *de novo*, its discretionary decisions for abuse of discretion, and its findings of fact for clear error." *In re Depietto*, No. 20-CV-8043, 2021 WL 3287416, at *4 (S.D.N.Y. Aug. 2, 2021). "Because a bankruptcy court's decision to dismiss for cause is guided by equitable principles, it is reviewed for abuse of discretion." *In re Murray*, 565 B.R. 527, 530 (S.D.N.Y. 2017), *aff'd*, 900 F.3d 53 (2d Cir. 2018). "This means that the Court does not consider whether it would have made the same decision, but merely whether the Bankruptcy Court's decision was reasonable." *Schneorson v. Schneorson*, No. 22-CV-2434, 2023 WL 4490392, at *4 (E.D.N.Y. July 12, 2023). "A bankruptcy court exceeds its allowable discretion where its decision (1) rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) cannot be located within the range of permissible decisions, even if it is not necessarily the product of a legal error or a clearly erroneous factual finding." *Miles v. Chase Bank*, No. 20-CV-4748, 2022 WL 842073, at *1 (E.D.N.Y. Jan. 24, 2022). "In reviewing the bankruptcy court's determinations, this Court may rely upon any ground supported by the record – it need not rely solely upon those relied upon by the Bankruptcy Court." *Amelio v. Piazza*, No. 19-CV-5944, 2020 WL 5535241, at *3 (S.D.N.Y. Sept. 15, 2020).

The Debtor-Appellant appeals *pro se*. Accordingly, the Court is required to accord him "special solicitude," *In re Saint Vincents Cath. Med. Ctrs. of N.Y.*, No. 11-CV-9431, 2012 WL

---

[5] Unless otherwise noted, case quotations omit all internal quotation marks, citations, alterations, and footnotes. The Court will provide Debtor with copies of unreported cases cited in this Opinion.

4462030, at *1 n.1 (S.D.N.Y. Sept. 27, 2012), and construe his submissions "liberally to raise the strongest arguments that they suggest," *Amelio*, 2020 WL 5535241, at *3.

## III. DISCUSSION

Section 1307(c) of Chapter 11 of the Bankruptcy Code provides that "on request of a party in interest or the United States Trustee and after notice and a hearing, the court . . . may dismiss a case under this chapter . . . for cause." 11 U.S.C. § 1307(c).[6] Debtor argues that the

---

[6] The statute states that "cause" includes:

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees and charges required under chapter 123 of title 28;
>
> (3) failure to file a plan timely under section 1321 of this title;
>
> (4) failure to commence making timely payments under section 1326 of this title;
>
> (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
>
> (6) material default by the debtor with respect to a term of a confirmed plan;
>
> (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
>
> (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
>
> (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a);
>
> (10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521(a); or
>
> (11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1307(c).

Bankruptcy Court erred in dismissing his Chapter 13 case for cause because (1) he did not have an opportunity to participate in the hearing on the Trustee's motion to dismiss, and (2) he sent the documents required under the Bankruptcy Code to the Bankruptcy Court the day before the hearing.  (*See* Debtor's Br. at 3.)[7]

### A. <u>Hearing</u>

The Bankruptcy Code defines "after notice and a hearing" as "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."  11 U.S.C. § 102(1).  "Bankruptcy judges [thus] enjoy broad discretion as to the type of hearing to conduct."  *Bernheim v. Damon & Morey, LLP*, No. 06-BK-3386, 2007 WL 1858292, at *2 (2d Cir. June 28, 2007) (summary order).

Here, Debtor received notice of his filing deficiencies nearly three months before the date of the hearing, (*see* Bankr. Dkt. No. 6; Bankr. Dkt. No. 9), and again in the Trustee's motion to dismiss about three weeks before the hearing, (*see* Bankr. Dkt. No. 25).  In fact, Debtor responded to the motion by filing some of the missing documents the day before the hearing.

---

[7] The Trustee maintains that Debtor's brief is "so devoid of any substantive legal or factual argument in relation to the Order being appealed that there is no formal argument in response that the Trustee can present in a brief format."  (ECF No. 26 ("Trustee's Aff.") at 2.)  To be sure, Debtor's brief largely focuses on the irrelevant issue of whether Gary Tenore could lawfully evict Debtor from their mother's house located at 112A Harmon Drive, Larchmont, New York.  (*See* Debtor's Br. at 8-17, 21-22.)  To the extent Debtor argues that Judge Morris should not have dismissed his case because he was subsequently evicted from his mother's house, (*see id.* at 14-15), that is not a proper consideration for this Court on appeal, *see Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 598 B.R. 102, 111 (S.D.N.Y. 2019) ("In reviewing a decision of a bankruptcy court, the district court . . . may not consider evidence outside the record."), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 818 F. App'x 48 (2d Cir. 2020) (summary order).  But Debtor raises other, relevant arguments in his brief that the Trustee failed to address.  Nevertheless, "the appropriate remedy is not the automatic granting of the [Debtor's] appeal, but a review of the merits of the appeal."  *Matarese v. Robinson*, No. 17-CV-406, 2018 WL 1406630, at *2 (N.D.N.Y. Mar. 20, 2018); *see Neilson v. Est. of Benedict*, No. 18-CV-1101, 2020 WL 1140493, at *3 (N.D.N.Y. Mar. 9, 2020).  But in the future the Court expects better of the Trustee's counsel.

(*See* Bankr. Dkt. Nos. 27, 30, 31.)  Nevertheless, Debtor argues that Judge Morris erred in dismissing his case at the hearing because he could not participate in the videoconference due to audio issues.  (*See* Debtor's Br. at 3.)

As an initial matter, there is no indication in the record that Debtor appeared at the hearing.  (*See* ECF No. 30 at 4:2-12.)  Further, even if he unsuccessfully attempted to be heard, there is no indication that Judge Morris was aware of that fact.  In any event, she did not abuse her discretion in ruling on the Trustee's motion to dismiss at the hearing.  The Second Circuit has indicated that, in appropriate circumstances, the "hearing" requirement may be satisfied by an opportunity for written submissions.  *See Bernheim*, 2007 WL 1858292, at *2 (court did not abuse discretion by failing to conduct evidentiary hearing where debtor had "ample opportunity to present its arguments to the [Bankruptcy] Court" through written submissions).  Here, Debtor had an opportunity to respond to the Trustee's motion by written submission.  And he has not explained what facts or arguments he would have raised at the hearing that he could not have presented in writing.  Moreover, in circumstances such as these, where the motion to dismiss requires a straightforward application of the Bankruptcy Code's procedural requirements to the undisputed facts regarding Debtor's filing deficiencies, Judge Morris could reasonably have concluded that a formal hearing was not necessary to rule on the motion.  *See Bristol v. DeRosa*, No. 09-CV-3730, 2010 WL 3924911, at *3 (E.D.N.Y. Sept. 30, 2010) (court did not abuse discretion by dismissing debtor's Chapter 13 case for failure to comply with § 521 even though debtor did not attend the hearing on the motion to dismiss).  Accordingly, the Bankruptcy Court did not abuse its discretion in ruling on the Trustee's motion to dismiss without Debtor's participation in a formal hearing.

## B. Grounds for Dismissal

In the alternative, Debtor argues that no cause existed to dismiss his case because he filed the required documents the day before the hearing. (*See* Debtor's Br. at 3.)

As set forth in note 6 above, § 1307(c) provides a non-exhaustive list of eleven occurrences which constitute cause for dismissal of a Chapter 13 case. *See In re Froman*, 566 B.R. 641, 647 (S.D.N.Y. 2017). It includes, but is not limited to, "unreasonable delay by the debtor that is prejudicial to creditors;" "failure to file a plan timely under section 1321 of this title;" "failure to commence making timely payments under section 1326 of this title;" and "only on request of the United States Trustee," failure to timely file information required by § 521(a)(1) or § 521(a)(2). 11 U.S.C. § 1307(c)(1), (3), (4), (9), (10). "When a debtor has not complied with a number of his obligations imposed by the Bankruptcy Code, relief under § 1307(c) is appropriate." *In re Campora*, No. 14-CV-5066, 2015 WL 5178823, at *9 (E.D.N.Y. Sept. 3, 2015).

Debtor's contention that he cured his non-compliance with the Bankruptcy Code's procedural requirements by filing several documents the day before the hearing, such that the Bankruptcy Court erred in dismissing his case for cause, is misplaced. It is true that, on December 3, 2024, Debtor filed some of the documents required by 11 U.S.C. § 521(a), including a schedule of assets and liabilities, a statement of financial affairs, and a statement of monthly income. (*See* Bankr. Dkt. Nos. 27, 30; Bankr. Dkt. Entry dated Dec. 4, 2024.)[8] But the Bankruptcy Court did not dismiss Debtor's case based on his failure to submit those documents. In fact, while the Trustee's motion to dismiss lists among the grounds for dismissal several

---

[8] The documents were apparently provided to the Clerk of the Bankruptcy Court on December 3 and were docketed the next day. There is no indication that Judge Morris was aware, at the December 4 hearing, that Debtor had provided any last-minute documents.

9

respects in which Debtor had failed to comply with § 521(a), (*see* Bankr. Dkt. No. 25 at 2), the December 12 Order refers to only one document required by § 521(a) – Form B22C, Statement of Monthly Income and Disposable Income, (*see* December 12 Order) – which Debtor did not file on December 3 or at any time before the December 12 Order.  The Bankruptcy Judge thus did not err in basing dismissal on the failure to file that document.[9]  Moreover, the December 12 Order lists several other, independent grounds for dismissal, to which I now turn.

First, in Chapter 13 cases, a debtor is required to file a Chapter 13 plan within fourteen days after the filing of the petition.  *See* 11 U.S.C § 1321; Fed. R. Bankr. P. 3015(b).  The time for filing a plan "must not be extended except for cause and on notice as the court orders."  Fed. R. Bankr. P. 3015(b)(1).  Debtor filed his petition on September 30, 2024, (*see* Bankr. Dkt. No. 1), but he did not file a Chapter 13 plan until December 3, 2024.  (*See* Bankr. Dkt. No. 31.) While the document he belatedly filed bore the caption "Chapter 13 Plan," it was so free of content as to not constitute a plan at all.  *Cf. In re Harmon*, No. 1074390, 2010 WL 3788052, at *3 n.3 (Bankr. E.D.N.Y. Sept. 22, 2010) (sanctioning counsel for, among other things, filing "a shell of a plan [in which] absolutely no useful information has been inserted").  It contained none

---

[9] The Court notes, without deciding, that the Bankruptcy Court likely would not have abused its discretion in dismissing Debtor's case based on his untimely filing of the remaining § 521(a) documents.  Section 521(i) provides that if a Chapter 13 debtor "fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."  11 U.S.C. § 521(i)(1).  Debtor did not file the remaining § 521(a) documents until after the filing deadline passed and the Trustee moved to dismiss.  And he did not move in the Bankruptcy Court for an extension of time or otherwise explain why he did not timely file the documents.  Accordingly, the Bankruptcy Court likely would not have abused its discretion in dismissing Debtor's case based on his untimely filing of the § 521(a) documents he submitted on December 3, 2024.  *See In re Balash*, No. 24-BK-10968, 2025 WL 426287, at *4-5 (Bankr. N.D.N.Y. Feb. 5, 2025) (dismissing case under 1307(c) where debtor "failed to comply with § 521 until well after the MTD was filed"); *In re Heidel*, No. 20-BK-50305, 2020 WL 6809805, at *3 (Bankr. D. Conn. Nov. 18, 2020) (dismissing case under 1307(c) where debtor untimely filed his Statements and Schedules and failed to file his Chapter 13 plan).

of the information required in Chapter 13 plans, *see* 11 U.S.C. § 1322(a), including any provision for plan payments. In any event, Debtor had made no application with the Bankruptcy Court for an extension of time to file the plan, nor did he explain why he failed to file the plan within the time prescribed by Federal Rule of Bankruptcy Procedure 3015(b).[10] Debtor's failure to timely file a Chapter 13 plan constitutes cause for dismissal. *See* 11 U.S.C. § 1307(c)(3) (case may be dismissed for "failure to file a plan timely"). Debtor also failed to commence Chapter 13 plan payments as required by 11 U.S.C. § 1326, which likewise constitutes cause for dismissal. *See* 11 U.S.C. § 1307(c)(4) (case may be dismissed for "failure to commence making timely payments under section 1326"); *In re Mitrany*, No. 08-BK-40034, 2008 WL 2128162, at *6 (Bankr. E.D.N.Y. May 16, 2008) (failure to file Chapter 13 plan and commence payments is ground for dismissal).

Additionally, § 341 provides that "[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341. A debtor's attendance at the § 341 meeting is mandatory, *see* 11 U.S.C. § 343, and § 521(e) requires the debtor to provide the trustee a copy of his federal income tax return for the most recent tax year no later than seven days before the meeting, *see* 11 U.S.C. § 521(e)(2)(A)(i). "If the debtor fails to provide the tax return the case shall be dismissed unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control

---

[10] Debtor now argues that he failed to timely file documents required by the Bankruptcy Code because he "found the paperwork overwhelming." (Debtor's Br. at 3.) But he did not make that argument in response to the motion to dismiss and, in any event, a debtor's *pro se* status does not excuse his failure to comply with procedural rules. *See Bristol*, 2010 WL 3924911, at *3 ("Debtors seeking bankruptcy protection have the obligation of understanding and complying with the duties imposed upon them by the Bankruptcy Code."); *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008) ("[A]lthough *pro se* litigants . . . are generally afforded some latitude, they are nonetheless required to learn and comply with procedural rules.").

of the debtor." *In re Burgos*, 476 B.R. 107, 112-13 (Bankr. S.D.N.Y. 2012) (citing 11 U.S.C. § 521(e)(2)(B)).  Debtor did not provide the Trustee a copy of his most recent federal tax return or attend the § 341 meeting.  On December 3, 2024, over a month after he failed to appear at the § 341 meeting, Debtor filed a request for a continuance of the meeting, (*see* Bankr. Dkt. No. 29), but he did not explain why he failed to request an adjournment prior to the meeting or why he did not attend the meeting as scheduled.  Debtor's non-compliance with the requirements associated with the § 341 meeting of creditors constitutes independent cause for dismissal.  *See In re Conrad*, No. 20-BK-50021, 2020 WL 6811954, at *2 (Bankr. D. Conn. July 23, 2020) (dismissing case where debtor did not appear at § 341 meeting); *In re Burgos*, 476 B.R. at 112-13 (dismissing case where debtor did not provide tax returns to the trustee or attend the § 341 meeting).

In sum, the record reflects Debtor's failure to comply with several requirements imposed by the Bankruptcy Code for the maintenance of a Chapter 13 case, any one of which would constitute cause to dismiss his Chapter 13 case.  Taken together, they provided Judge Morris with a more than reasonable basis to conclude that relief under § 1307(c) was appropriate.  *See Rivera v. JP Morgan Chase*, No. 20-CV-5436, 2021 WL 1999410, at *4-5 (E.D.N.Y. May 19, 2021); *In re Campora*, 2015 WL 5178823, at *9.  Accordingly, the Bankruptcy Court did not abuse its discretion in granting the Trustee's motion to dismiss Debtor's Chapter 13 case for cause pursuant to § 1307(c).[11]

---

[11] Debtor's brief raises additional irrelevant and unsubstantiated arguments.  The Court has reviewed all of Debtor's arguments, and to the extent that this opinion does not explicitly address them, the Court has deemed them to be meritless.  *See In re Sterling*, No. 14-BK-12608, 2018 WL 313085, at *6 & n.8 (Bankr. S.D.N.Y. Jan. 5, 2018); *see also Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 509 n.10 (E.D.N.Y. 2018) (considering additional theories raised by appellant and finding them insufficient to alter Court's conclusion with respect to main issue of standing).

## IV. **CONCLUSION**

For the foregoing reasons, the Bankruptcy Court's December 12, 2024 Order is affirmed.

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: June 16, 2025
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.